UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| LOIS HERTOG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00093-TWP-KMB |
| ) | |
| 1002 SISTER BARBARA WAY PROPERTY, ) | |
| LLC, ) | |
| VILLAS OF GUERIN WOODS HEALTHCARE, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND REMANDING ACTION TO STATE COURT

This matter is before the Court on Defendants 1002 Sister Barbara Way Property LLC and Villas of Guerin Woods Healthcare, LLC's (together, "Defendants") Motion to Dismiss the Second Amended Complaint. (Filing No. 14). Plaintiff Lois Hertog ("Ms. Hertog") initiated this action after her employment was effectively terminated following her successful request for a religious exemption from Defendants' COVID-19 vaccine policy. Ms. Hertog asserts discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), discrimination claims under the Indiana Civil Rights Law ("ICRL"), and wrongful termination. For the following reasons, Defendants' Motion to Dismiss is **granted in part** and **denied in part**, and this action is **remanded** to state court.

### I.      BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a partial motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of Ms. Hertog as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Ms. Hertog was employed by Defendants as a Physical Therapist Assistant at Villas of Guerin Woods from February 3 to April 25, 2022 (Filing No. 9 ¶ 9). She is over sixty years old and "is a person of faith and holds strong religious beliefs." *Id.* ¶¶ 10–11. While Ms. Hertog was employed at Villas of Guerin Woods, Defendants "implemented a policy requiring most employees to obtain and provide proof of a Covid-19 vaccination." *Id.* ¶ 12. Defendants offered religious exemptions, which Ms. Hertog applied for and obtained. *Id.* ¶¶ 13–15. However, Defendants subsequently cut Ms. Hertog's hours and required her to take COVID tests in front of supervisors, "which was not required of employees without an exemption." *Id.* ¶ 15. Ms. Hertog claims that by cutting her hours, Defendants "effectively terminated her." *Id.* ¶ 16.

Ms. Hertog filed a charge against Defendants with the EEOC and received a Right to Sue letter. She initiated this action in June 2023 by filing a Complaint in the Floyd Superior Court against Providence Self Sufficiency Ministries, Inc., asserting claims for breach of implied contract, wrongful termination, and negligence, as well as claims for religious discrimination and retaliation under Title VII and claims for religious and age discrimination under the ICRL (Filing No. 1-2 at 6–11). In November 2023, Ms. Hertog filed an Amended Complaint, which named Defendants instead of Providence Self Sufficiency Ministries but contained the same allegations and claims as the initial Complaint.

Before Defendants were served with the Amended Complaint, they filed a Notice of Removal on the basis of federal question jurisdiction (Filing No. 1 ¶ 4). Defendants then moved to dismiss the first Amended Complaint (Filing No. 8), and Ms. Hertog filed her Second Amended Complaint, which is now the operative pleading (Filing No. 9). The Second Amended Complaint does not assert claims for breach of implied contract or negligence, and it contains new factual allegations about Ms. Hertog filing a charge of discrimination with the EEOC (*id.* ¶¶ 18–20), but

it is otherwise the same as the first two Complaints. In September 2024, Defendants filed a Motion to Dismiss the Second Amended Complaint, seeking dismissal of all claims with prejudice (Filing No. 14). The Motion is now ripe for review.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("[I]t is not enough to give a threadbare recitation of the elements of a claim without factual support."). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III.     DISCUSSION

Defendants request dismissal of Ms. Hertog's Title VII and state law claims. Because this Court's subject matter jurisdiction rests on her Title VII claims (Filing No. 1), the Court will address those claims first.

**A.     Ms. Hertog's Title VII Claims**

Ms. Hertog alleges the Defendants violated Title VII by effectively terminating her on the basis of her religion and by retaliating against her for exercising her religious beliefs. The Court will discuss Ms. Hertog's discrimination and retaliation claims in turn.

**1.     Discrimination**

Ms. Hertog alleges that Defendants "effectively terminated [her] employment based on her religious beliefs and resulting refusal to take the vaccine." (Filing No. 9 at 3). "Title VII prohibits employers from 'discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Porter v. City of Chicago*, 700 F.3d 944, 951 (7th Cir. 2012) (first alteration in original) (quoting 42 U.S.C. § 2000e-2(a)(1)). To assert a claim for employment discrimination, "a plaintiff must advance plausible allegations that she experienced discrimination because of her protected characteristic." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022).

Defendants contend that Ms. Hertog has failed to identify a specific religious observance or sincerely held belief that was the motivating factor for her discriminatory treatment (Filing No. 14-1 at 10). In her four-page response, Ms. Hertog argues:

> Hertog's Complaints [*sic*] alleged Defendants discriminated against her based on her religious beliefs and the discrimination occurred between February 3, 2022 and April 25, 2022. Nothing more is required. Hertog's Complaint "merely needs to give [Defendants] sufficient notice . . . to begin to investigate and prepare a defense." Clearly Hertog's Complaint satisfies this standard and she has alleged "enough factual heft" to survive a motion to dismiss on her religious discrimination claim.

4

(Filing No. 15 at 3–4 (internal citations omitted) (alteration and omission in original) (quoting *Leuvano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013), and *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011))). The Court agrees with Defendants that to survive dismissal, Ms. Hertog must do more than merely allege she is religious.

To prove a Title VII claim for failure to accommodate religion, a plaintiff must show: (1) an "observance or practice conflicting with an employment requirement [that] is religious in nature"; (2) the plaintiff "called the religious observance or practice to her employer's attention"; and (3) "the religious observance or practice was the basis for her discharge or other discriminatory treatment." *Porter*, 700 F.3d at 951. In a recent decision, *Passarella v. Aspirus, Inc.*, 108 F.4th 1005 (7th Cir. 2024), the Seventh Circuit Court of Appeals made clear that not much is needed to adequately plead each of these elements and reiterated that this alternative approach "would take us into territory the Supreme Court has admonished courts in no uncertain terms not to enter when discerning whether an individual harbors a religious belief or engages in religious practice." *Id.* at 1010. Stated differently, "[i]t's enough to survive a motion to dismiss that an employee's accommodation request was 'plausibly based at least in part on some aspect of their religious belief or practice.'" *Halczenko v. Ascension Health, Inc.*, 750 F. Supp. 3d 947, 958 (S.D. Ind. 2024) (quoting *Passarella*, 108 F.4th at 1007).

In *Passarella*, for example, the plaintiffs identified some religious belief with a connection to their refusal to receive the COVID vaccine. Attached to the complaint were letters that each plaintiff had submitted to her employer, "connect[ing] her objection to vaccination with her Christian beliefs regarding the sanctity of the human body," and "expressly stat[ing] her Christian belief that the body is a 'temple of the Holy Spirit' in tandem with concerns about the potentially harmful effects of the vaccine." *Passarella*, 108 F.4th at 1007–09. In another similar case in this

court, the plaintiffs adequately identified several categories of religious beliefs—including beliefs regarding abortion and fetal cells, the belief "that one's body is a temple of the Holy Spirit," and the belief that "one's body is designed by God" and should not be altered with certain substances—which allegedly prevented the plaintiffs from complying with their employer's COVID vaccine mandate. *Halczenko*, 750 F. Supp. 3d at 955–56.

However, Ms. Hertog's allegation that she "is a person of faith and holds strong religious beliefs," by contrast, fails to identify any religious belief or observance whatsoever and fails to show that Ms. Hertog's refusal to receive the COVID vaccine is based, even in part, on any such belief or observance. *See Guthrie-Wilson v. Cook County*, No. 23-cv-362, 2023 WL 8372043, at *2 (N.D. Ill. Dec. 4, 2023) (dismissing Title VII claim because plaintiff "identifie[d] no specific religious tenet that conflicts with Covid-19 vaccination"). Despite a lenient pleading standard, prior briefing by Defendants on this issue, and two attempts to amend her complaint, Ms. Hertog has failed to plead a plausible claim for religious discrimination under Title VII. For that reason, Defendants' Motion to Dismiss is **granted** as to that claim.

### 2. Retaliation

Ms. Hertog also alleges that after Defendants accepted her religious exemption, they cut her hours and required her to take COVID tests in front of supervisors (Filing No. 9 at 2). She concludes from this experience that Defendants retaliated against her "for exercising her religious beliefs" in violation of Title VII. *Id.* at 4. "To prevail on a Title VII retaliation claim, the plaintiff must prove that (1) [s]he engaged in an activity protected by the statute; (2) [s]he suffered an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action." *Lewis v. Wilkie*, 909 F.3d 858, 866 (7th Cir. 2018) (citation omitted). Defendants argue Ms. Hertog fails to identify a statutorily protected activity, and the Court again agrees.

Ms. Hertog's request for a religious exemption, by itself, is not a protected activity. Protected activity under Title VII consists of opposing or complaining about discrimination or harassment by the employer based on race, color, religion, sex, or national origin. 42 U.S.C. §§ 2000e-2(a)–2000e-3(a). Unlike other federal employment statutes like the Family and Medical Leave Act and the Americans with Disabilities Act, "[s]imply requesting a religious accommodation, unaccompanied by anything that can be plausibly interpreted as opposition to an unlawful employment practice, is not activity protected under Title VII." *Hunter v. AFGroup Emerging Markets*, No. 22-CV-990, 2023 WL 372204, at *3 (E.D. Wis. Jan. 24, 2023); *see Stanley v. ExpressJet Airlines, Inc.*, 808 F. App'x 351, 358 (6th Cir. 2020) ("A request for an accommodation does not constitute protected activity under Title VII, which clearly delineates two options: opposition to discriminatory practice or participation in an investigation."); *Payne v. Salazar*, 899 F. Supp. 2d 42, 53 n.7 (D.D.C. 2012) ("[B]ecause the plain language of Title VII requires 'oppos[ition],' 42 U.S.C. § 2000e-3(a), and Plaintiff has not cited a single case within this jurisdiction suggesting that a request for religious accommodation falls within the purview of Title VII's definition of protected activity, the Court declines to adopt Plaintiff's suggestion that her straightforward request for leave on Sundays so that she could attend Church, without more, constitutes statutorily protected activity." (first alteration in original)).

Hertog does not allege that Defendants' COVID vaccine policy was itself discriminatory or that her request for a religious exemption opposed any unlawful discrimination. Her exemption request therefore does not constitute protected activity under Title VII. *Compare Garczynski v. Accident Fund Ins. Co.*, No. 22-cv-12615, 2023 WL 3437294, at *4 (E.D. Mich. May 12, 2023) (granting motion to dismiss Title VII retaliation claim because requesting a religious exemption from COVID vaccine mandate was not a protected activity), *with Halczenko*, 750 F. Supp. 3d at

961 (denying motion to dismiss; finding that requesting religious exemption was protected activity under Title VII because religious exemption process was allegedly discriminatory and designed to deny any accommodation based on plaintiff's religious beliefs).

Ms. Hertog's Second Amended Complaint fails to adequately allege a Title VII retaliation claim, therefore, Defendants' Motion to Dismiss is **granted** as to that claim. Because Ms. Hertog's failure to adequately allege a claim under Title VII is dispositive, the Court need not, and therefore does not, address Defendants' additional arguments regarding the timeliness of Ms. Hertog's EEOC charge and exhaustion of administrative remedies (Filing No. 14-1 at 8–9).

### 3. Dismissal with Prejudice

Defendants argue that Ms. Hertog's claims should be dismissed with prejudice (Filing No. 14-1 at 18). Ms. Hertog's response fails to address this argument and, as such, she has waived any response. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (concluding that "failure to respond to an argument—as [is the case] here—results in waiver"). Ms. Hertog has had ample opportunities to articulate a plausible claim under Title VII but has failed to do so. When a complaint fails to state a claim for relief, a plaintiff is ordinarily given a chance to amend the complaint to correct the problem. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). However, once a plaintiff has had one or more opportunities to cure the defects but fails, the court may dismiss claims with prejudice. *See Dittmann v. ACS Hum. Servs. LLC*, No. 16-cv-16, 2017 WL 819685 (N.D. Ind. Mar. 1, 2017) (dismissing plaintiff's third amended complaint with prejudice when plaintiff failed to allege sufficient factual matter and it appeared he would never be able to do so); *see also Norman v. N.W. Ind. CA Section 8*, No. 21-CV-158, 2021 WL 4363012 (N.D. Ind. Sept. 24, 2021) (dismissing second amended complaint with prejudice when the plaintiff had been given opportunities to amend her complaint).

Ms. Hertog had multiple opportunities to amend her Complaint and cure any deficiencies in her pleading but has failed to do so. She also had the benefit of Defendants' prior motion to dismiss—including briefing—to consider when drafting the Second Amended Complaint. Dismissal with prejudice is appropriate because the Court does not envision a possibility of successful amendment and because Ms. Hertog has had multiple opportunities to plead a viable discrimination or retaliation claim under Title VII and has been unable to do so. *See Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 347 (7th Cir. 2012) (leave to amend need not be granted when a party has had multiple opportunities to amend and has failed to cure a defective claim); *see Doermer v. Callen*, 847 F.3d 522, 528 (7th Cir. 2017) (the court was under no obligation to allow further amendments where doing so would be futile). Accordingly, the dismissal of Ms. Hertog's Title VII claims is **with prejudice**.

B. **Ms. Hertog's State Law Claims**

Ms. Hertog asserts state law claims for wrongful termination and violations of the ICRL. Because her federal claims have been dismissed, the Court must determine whether it is appropriate to continue exercising supplemental jurisdiction over the state law claims. The Court has discretion whether to exercise supplemental jurisdiction over a plaintiff's state law claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

"Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Sharp Elecs. v. Metro. Life Ins.*, 578 F.3d 505, 514 (7th Cir. 2009) (citation and quotation marks omitted). Exceptions to the general rule exist: "(1) when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided." *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008) (internal quotation omitted).

The Court finds that none of the exceptions applies to Ms. Hertog's state law claims, and the Court sees no reason to deviate from the "usual practice" of relinquishing supplemental jurisdiction. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). The statute of limitations will not have run on Ms. Hertog's state law claims, as both federal and state law toll the relevant limitations period when claims are pending in a civil action (except in limited circumstances not present here). 28 U.S.C. § 1367(d); Ind. Code § 34-11-8-1; *see also Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 266 (7th Cir. 1998). Additionally, the Court has not expended significant resources on the remaining state law claims. No other dispositive motions have been filed, the parties have not yet had an initial pretrial conference, and discovery has been stayed pending a ruling on the instant Motion to Dismiss.

Finally, it is not absolutely clear how the pendent state law claims should be decided. *See Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251–52 (7th Cir. 1994) (explaining that the outcome of state law claims is absolutely clear when, for instance, "the district court, in deciding a federal claim, decides an issue dispositive of a pendent claim," or when the state law claims are "patently frivolous"). Although Ms. Hertog's Title VII claims do not satisfy the federal pleading

10

standard, Indiana courts have not adopted that standard and still use a "liberal" notice pleading standard. *Bayer Corp. v. Leach*, 153 N.E.3d 1168, 1180–81 (Ind. Ct. App. 2020). Given how forgiving Indiana's pleading standard is compared to the federal standard, this Court cannot say with absolute certainty whether an Indiana court would find that Ms. Hertog has failed to adequately plead her religious and age discrimination claims and wrongful termination claims.

Likewise, it is not absolutely clear whether Ms. Hertog's state law claims are preempted. The cases on which Defendants rely in asserting their preemption argument state only: that Title VII is the exclusive remedy for "a *federal* employee alleging discriminatory employment practices," *Holloway v. Betsen*, 870 F. Supp. 898, 900 (N.D. Ind. 1994) (emphasis added), or a plaintiff alleging employment discrimination under *federal* law, *Starkey v. Roman Cath. Archdiocese of Indianapolis, Inc.*, 496 F. Supp. 3d 1195, 1209 (S.D. Ind. 2020) (dismissing Title IX employment discrimination claim); and that the Illinois Human Rights Act preempts wrongful termination claims under *Illinois* law, *Naylor v. Streamwood Behav. Health Sys.*, No. 11 C 50375, 2012 WL 5499441, at *4–5 (N.D. Ill. Nov. 13, 2012); *Moore v. State Farm Mut. Auto. Ins. Co.*, No. 15-cv-1058, 2018 WL 1041292, at *2 (C.D. Ill. Feb. 23, 2018).

It is well settled that Title VII does not preempt state law employment discrimination claims. 42 U.S.C. § 2000e-7 ("Nothing in this subchapter shall be deemed to exempt or relieve any person from any liability . . . provided by any present or future law of any State or political subdivision of a State . . . ."); *see Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 48–49 (1974); *Donnelly v. Yellow Freight Sys., Inc.*, 874 F.2d 402, 407 (7th Cir. 1989). And Defendants cite no authority clearly stating that the ICRL preempts wrongful termination claims under Indiana law. *Cf. Hertog v. Baptist Healthcare Sys., Inc.*, No. 23-cv-10, 2023 WL 5956856, at *3 (S.D. Ind. Sept. 13, 2023) (granting partial motion to dismiss wrongful termination and negligence claims on the

11

basis of Ms. Hertog's waiver of response to argument that claims were preempted by Title VII and/or the Kentucky Civil Rights Act).

Given the notable distinction between federal and state pleading standards and the lack of authority regarding preemption of Indiana common law claims for wrongful termination and the at issue, Ms. Hertog's state law claims cannot be resolved with absolute certainty at this stage. They should be decided by an Indiana state court.

And lastly, comity favors allowing state courts to decide issues of state law. The remaining state law claims raise issues regarding the administrative procedures for pursuing ICRL claims and novel issues regarding preemption of Indiana state law wrongful termination claims, which are best resolved by state courts. This consideration weighs strongly in favor of remand. *See* 28 U.S.C. § 1367(c)(1) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the claim raises a novel or complex issue of State law . . . ."); *see also Wentzka v. Gellman*, 991 F.2d 423 (7th Cir. 1993) ("[W]e can identify one very good reason why the district should not have reached the merits of plaintiffs' commonlaw misrepresentation claims . . . the unsettled nature of Wisconsin law in the area of justifiable reliance."). In other words, the questions at issue are not the type of "no brainers" that would compel the Court to retain jurisdiction. *See Martin v. Ind. State Police*, 537 F. Supp. 2d 974, 989 (S.D. Ind. 2008) (stating that unless remaining state claims are "no brainers," the "court's duty of comity toward Indiana courts in developing Indiana law directs the court to remand all state law claims to the state courts").

In sum, the application of the *Carnegie-Mellon* factors, coupled with the presumption of relinquishment, leads to the conclusion that Ms. Hertog's state law claims should be remanded. Defendants' Motion to Dismiss is therefore **denied** as to the state law claims. The Court relinquishes supplemental jurisdiction over those claims and **remands** them to state court.

## IV.  CONCLUSION

For the reasons explained above, Defendants 1002 Sister Barbara Way Property LLC and Villas of Guerin Woods Healthcare, LLC's Motion to Dismiss the Second Amended Complaint. (Filing No. 14) is **GRANTED in part and DENIED in part**. The Motion is **granted** as to Ms. Hertog's Title VII claims, which are **dismissed with prejudice**. The Motion is **denied without prejudice** as to Ms. Hertog's remaining state law claims, which are **REMANDED** to state court.

**The Clerk is directed** to **remand** this matter to the Floyd Superior Court 1, Cause No. 22D01-2306-PL-000852, and to **close** this federal action.

**SO ORDERED**.

Date:  4/23/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Camille Renee Nicodemus
Quilling Selander Lownds Winslett Moser
cnicodemus@qslwm.com

William Edward Skees
THE SKEES LAW OFFICE
ed@skeeslegal.com